## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

JOSEPH WIER,

       Plaintiff,

v.                                        Case No: 8:14-cv-2166-T-30AEP

DEPUY ORTHOPAEDICS, INC.,
DEPUY INTERNATIONAL LIMITED,
JOHNSON & JOHNSON, JOHNSON &
JOHNSON SERVICES, INC. and
BAYSIDE ORTHOPAEDICS, INC.,

       Defendants.

_____

## ORDER

THIS CAUSE comes before the Court upon the Plaintiff's Motion to Remand (Dkt. 4), and Defendants' Brief in Opposition (Dkt. 11). The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be granted.

## BACKGROUND

This removed case is a medical device product liability action filed on August 1, 2014, in the Twelfth Judicial Circuit, in and for Sarasota County, Florida. Plaintiff Joseph Wier alleges he sustained injuries from the implantation of a DePuy "ASR" artificial hip prosthesis designed, manufactured, and promoted by Defendants Depuy Orthopaedics, Inc., Depuy International Limited, Johnson & Johnson, Johnson & Johnson Services, Inc. (collectively, "Depuy"), and marketed, promoted, sold, and distributed by Defendant

Bayside Orthopaedics, Inc. ("Bayside").   Plaintiff asserts claims for negligence, negligent failure to warn, strict liability failure to warn, strict liability, and breach of implied warranty against all Defendants.   Plaintiff also asserts a claim for breach of express warranty against Depuy.

Defendants removed this action, citing diversity jurisdiction.   The notice of removal acknowledges that Bayside is a non-diverse defendant, but argues, in pertinent part, that Bayside is fraudulently joined.

This case is at issue upon Plaintiff's motion to remand.   Plaintiff argues that this case was properly filed in state court because Bayside is a non-diverse defendant that can be found strictly liable for product defects under Florida law.   Plaintiff also argues that federal preemption under *PLIVA, Inc. v. Mensing*, - - - U.S. - - -, 131 S. Ct. 2567 (2011) (*reh'g denied*), does not extend to distributors of medical devices.   Defendants argue that Bayside is fraudulently joined because Plaintiff's claims against Bayside are preempted by federal law under *Mensing*.

Because uncertainties exist as to the applicability of *Mensing's* preemption with regard to distributors of medical devices, the Court concludes that remand is appropriate.

## DISCUSSION

A civil case filed in a state court may be removed to federal court by a defendant if the case could have originally been brought in federal court.   28 U.S.C. § 1441(a). Federal courts are courts of limited jurisdiction and are "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution."   *Univ. of S. Ala. v. Am. Tobacco,* 168 F.3d 405, 411 (11th Cir. 1999).

Federal Courts have diversity jurisdiction over civil actions when the amount in controversy exceeds $75,000 and the action is between citizens of different states.   28 U.S.C. § 1332(a).   Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant.   *Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353, 1359 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot*, 204 F.3d 1069 (11th Cir. 2000).

When a defendant removes an action to federal court on diversity grounds, a court must remand the matter to state court if complete diversity is lacking between the parties or if any of the properly served defendants are citizens of the state in which the suit was filed.   *Florence v. Crescent Res., LLC,* 484 F.3d 1293, 1297 (11th Cir. 2007).   Federal courts are directed to construe removal statutes strictly, resolve all doubts about jurisdiction in favor of remand, and employ a presumption in favor of remand to state courts.   *Univ. of S. Ala.,* 168 F.3d 405 at 411.

An action may nevertheless be removable if the joinder of the non-diverse party is fraudulent.   *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir. 1998). Joinder is fraudulent when there is no possibility the plaintiff can prove a cause of action against the non-diverse defendant.   *Id.*   "The burden of establishing fraudulent joinder is a heavy one.   A district court must find joinder to be proper '[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the [non-diverse] defendants.'"   *Coker v. Amoco Oil Co.,* 709 F.2d 1433, 1440-41 (11th Cir. 1983), *superceded by statute on other grounds as recognized in Wilson v. Gen. Motors Corp.,* 888 F.2d 779, 782 n. 3 (11th Cir. 1989).   Thus, "[w]here a plaintiff states even a

colorable claim against the resident defendant, joinder is proper and the case should be remanded to state court." *Pacheco de Perez v. AT & T Co.,* 139 F.3d 1368, 1380 (11th Cir.1998) (citing *Crowe v. Coleman,* 113 F.3d 1536, 1538 (11th Cir.1997)).

The Court must review the factual allegations in the light most favorable to the plaintiff and resolve uncertainties about the applicable law in favor of the plaintiff. *Id.* "The role of the court is not to weigh the merits of a plaintiff's claim beyond the determination of whether the claim is colorable under state law." *Id.* The plaintiff need not have a winning case; rather, the plaintiff need have only a possibility of stating a valid cause of action in order for the joinder to be legitimate. *See Stillwell v. Allstate Insurance Co.,* 663 F.3d 1329, 1333 (11th Cir.2011) (citing *Triggs,* 154 F.3d at 1287).

Defendants assert that Bayside is fraudulently joined because Plaintiff's claims against Bayside are preempted by federal law under *Mensing.* Defendants argue that *Mensing* "guides the analysis for *all* conflicts with federal law, no matter the regulatory scheme or role of the party." (Dkt. 11 at 11). Defendants also assert that the Supreme Court's ruling in *Bartlett* extends *Mensing's* reasoning to "*any* claim that requires a manufacturer to obtain FDA permission before it can comply with state law, even if the drug is not a generic." *Id.*

Because the Court must review the factual allegations in the light most favorable to the plaintiff, and resolve uncertainties about the applicable law in favor of the plaintiff, the Court concludes that Defendants' reading of *Mensing* and *Bartlett* cannot prevail. *See Pacheco,* 139 F.3d at 1380. *Mensing* and *Bartlett* are arguably distinguishable because they both addressed federal preemption in the specific context of generic drug

4

manufacturers, rather than medical device distributors.   In *Mensing* the Supreme Court held that all state-law tort claims based on an alleged failure to warn of the risks of generic medications are preempted by federal law because it is impossible to comply with both a jury's charge to strengthen a generic drug warning under state law, and the federal mandate that a generic drug's labeling be the same as that of the brand-name drug.   *Mensing*, 131 S. Ct. 2567.   *Bartlett* extended this reasoning to design defect claims, holding that redesigning a generic drug was also impossible because federal drug regulations require a generic drug to have the same active ingredients, route of administration, dosage form, and strength as the brand-name drug on which it is based.   *Bartlett*, 133 S. Ct. at 2475. Defendants argue the proposition that federal preemption under *Mensing* applies to all causes of action based on failure-to-warn allegations is supported by this Court's previous rulings.   However, like *Mensing* and *Bartlett*, this Court's decisions regarding federal preemption involved claims against drug manufacturers.   *See In re Accutane Prods. Liab. (Plevniak)*, No. 8:04-MD-2523-T-30TBM, 2012 WL 3194952 (M.D. Fla. August 7, 2012) (dismissing as preempted claims against drug manufacturer for failure to warn and defective design ); *Guarino v. Wyeth LLC*, 823 F. Supp. 2d 1289 (M.D. Fla. 2011) *aff'd* 719 F.3d 1245 (11th Cir. 2013) (same).

The question of a generic drug manufacturer's ability to simultaneously comply with both state law and specific federal regulations governing pharmaceuticals is not analogous to the question of a distributor of a brand name medical device's ability to comply with both Florida law and federal regulations governing medical devices.   The Court has previously acknowledged this distinction in the context of *Mensing*, explaining

5

"[t]here is a marked difference between a duty requiring a drug manufacturer to physically change its federally approved label and a duty requiring a distributor to warn a third party of what the federally approved label or warning on file with the FDA says.   Accordingly, whether Florida law imposes a duty to warn upon device distributors such as the [d]istrubtor [d]efendants is a determination best left to State Court." *See Zaremba v. Orthopedics, Inc.*, 8:14-CV-1016-T-33TGW, 2014 WL 3057400, at *4 n. 2 (M.D. Fla. July 7, 2014).   On the basis of the foregoing, the Court concludes that the question of *Mensing* and *Bartlett's* applicability to the instant case presents considerable doubts; therefore, this Court must apply a presumption against the exercise of federal jurisdiction, and resolve the uncertainty of *Mensing* and *Bartlett's* applicability in favor of Plaintiff.   *See Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013) (quoting *Russell Corp.* 264 F.3d at 1050 (11th Cir.2001)).

Presuming that Plaintiff's strict liability claims are not federally preempted, the Court must next analyze whether Plaintiff has stated a claim for strict liability under Florida law.   As discussed above, merely the possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants necessitates remand.   *See Coker,* 709 F.2d at 1440-41.   This Court has previously held that a plaintiff may state a claim for strict liability against a distributor of hip implant devices under Florida law.   *Barnes v. Bayside Orthopaedics, Inc.*, Case No. 8:11-cv-2827-T-30EAJ, 8:11-CV-2827-T-30EAJ, 2012 WL 162368 (M.D. Fla. Jan. 19, 2012).   In *Barnes*, this Court reasoned that because a distributor of hip implant devices marketed and promoted the product at issue, it was within the chain of distribution to the surgeons and general

public, subjecting it to an action in strict liability for any defect in the product under Florida law. *Id.* at *2. Plaintiff's claims here are analogous. Here, Plaintiff alleged that Bayside promoted, marketed, sold, supplied, distributed and serviced Depuy's products, and received commissions from Depuy for doing so. (Dkt. 2 at 4). Specifically, Plaintiff alleged that Bayside "disseminated literature to the orthopedic community in Florida" and provided Plaintiff's orthopedic surgeon information "including, but not limited to, the advantages of the ASR System compared to its competitors, information regarding the design rational for the ASR System, surgical techniques on how to implant the ASR System, and demonstrations on how to implant the ASR System and the components that could best be mated with the ASR System" with "the intended purpose of convincing and inducing Plaintiff's orthopedic surgeon to use the ASR System". *Id.* at 5-6. Plaintiff also alleged that in preparation for his surgery, "Defendants (or their employees or agents) selected and provided the specific components to be used during the surgery and delivered them to the operating room where Plaintiff's implant surgery took place." *Id.* at 7. Thus, Plaintiff has stated a colorable claim against Bayside for strict liability, and any question regarding the merits of his claim are appropriately determined by state court. *See e.g. Pacheco*, 139 F.3d at 1380-81; *Stillwell*, 663 F.3d at 1333 (citing *Triggs*, 154 F.3d at 1287). Accordingly, it is the Court's conclusion that Plaintiff's motion to remand should be granted. It is therefore

     ORDERED AND ADJUDGED that:

     1.    Plaintiff's Motion to Remand (Dkt. 4) is GRANTED.

2.      The Clerk is directed to REMAND this case to the Circuit Court for the

Twelfth Judicial Circuit in and for Sarasota County, Florida.   The Clerk is

also directed to forward a certified copy of this Order to that Court.

3.      The Clerk is also directed to CLOSE this case and terminate any pending

motions as moot.

**DONE** and **ORDERED** in Tampa, Florida, this 14th day of October, 2014.


_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Even\2014\14-cv-2166 grant remand 4.docx